26633. AMERICAN SURETY CO. *et al. v.* CASTLEBERRY *et al.*

DECIDED MARCH 3, 1938.

*Sidney Smith, James N. Frazer, Wright & Covington,* for plaintiffs in error.

*Rosser Malone, Haas, Gambrell & Gardner, DeLacy Allen, Walter Jones,* contra.

BROYLES, C. J.   This is a compensation case under the workmen's compensation act, and there are only two questions for the determination of this court: 1. Was the decedent (Gordon Castleberry), at the time of his death, the servant and employee of the W. L. Cobb Construction Company, or the servant and employee of the Ledbetter-Johnson Company? And, 2. Was any evidence adduced from which the inference could legitimately be drawn that the decedent's death resulted from an accident arising out of and in the course of his employment? While the evidence material to the determination of the first question was conflicting and, possibly, would have authorized a finding that Castleberry, at the time of his fatal accident, was the servant and employee of the Ledbetter-Johnson Company, it also supported the finding of the Department of Industrial Relations that he was at that time the servant and employee of the W. L. Cobb Construction Company. As to the second question: Under the undisputed evidence in the case the presumption arose that Castleberry was at the time in question engaged in his master's business and within the scope of his employment; and that presumption was not overcome by any evidence adduced.   See, in this connection, *Gallagher* v. *Gunn,* 16 *Ga. App.* 600 (85 S. E. 930).   Moreover, the undisputed evidence, direct and circumstantial, together with the legal inferences and deductions arising therefrom, were sufficient to authorize the Department of Industrial Relations to find that the decedent's death was caused by an accident arising out of and in the course of his employment.   It follows that the judge of the superior court did not err in affirming the award of said department.

*Judgment affirmed.   MacIntyre and Guerry, JJ., concur.*