33138. ÆTNA CASUALTY & SURETY CO. *et al. v.* JONES.

DECIDED SEPTEMBER 14, 1950. REHEARING DENIED OCTOBER 6, 1950.

*Martin, Snow & Grant,* for plaintiffs in error.

*Jones, Jones & Sparks,* contra.

SUTTON, C. J. This is a workmen's compensation case. The claimant, R. E. Jones, appealed from the award of a single director of the State Board of Workmen's Compensation denying compensation, and the award was affirmed by the full board. He then appealed to Bibb Superior Court, and the judge of that court entered judgment reversing the award denying compensation. The employer, Family Fund Life Insurance Company,

and its insurance carrier, Ætna Casualty and Surety Company, excepted to that judgment. The issue before this court is whether under the evidence a finding was demanded that the claimant was injured in an accident arising out of and in the course of his employment and therefore entitled to compensation.

While the claimant admittedly made false and contradictory statements to adjusters about his claim, particularly in regard to the events preceding the accident, in order to conceal his whereabouts and activities during the time, and his association with a fellow employee in the City of Macon, which would not have been regarded in a favorable light by their superiors, his testimony is uncontradicted in many respects, and when considered with the testimony of others, the following uncontroverted facts are shown: On Friday, August 15, 1947, and prior thereto, the claimant was employed by the Family Fund Life Insurance Company on a weekly salary basis, plus traveling expenses. He was a district supervisor of agents, his territory being the Sixth Congressional District of Georgia, excepting the City of Macon. His duties consisted of traveling about the territory supervising the work of agents and employing and helping train new agents in the territory when needed. The agents working under him made reports to him of their work, and he was required to send a weekly report of activities in his territory to the home office in Atlanta. He lived at Warner Robins, used his home as headquarters for his work, and spent much of his time traveling over his territory. On Thursday, August 14, 1947, he left his home for the purpose of going to Dublin to audit an account, but stopped in Macon to meet with the supervisor of city agencies in order to try to influence this supervisor to transfer an employee to him for use in his district, and he and this supervisor conferred about this matter on Thursday, spent Thursday evening in a hotel in Macon, and conferred about the same matter for a short time on the following morning. Later in the morning he met his assistant supervisor, having asked him to come to Macon, and he and his assistant supervisor looked over this assistant's report, conferred about personal matters, and planned a trip to Chattanooga, Tennessee, for the purpose of selling the assistant's automobile, and possibly interviewing a prospective employee. An attempt was also made to see a prospective em-

ployee working for Firestone Stores in Macon, but he was not available. About 2 p.m. the claimant left his assistant and started home by the most direct route. After having gone about 4 miles in his automobile he sustained severe injuries to his left arm, which was being held outside the automobile, when it struck the right rear corner of a truck proceeding in the same direction, as he attempted to pass to the right of the truck, the driver of the truck having indicated by arm and hand signal that he was making a turn to the left. If he had not been involved in this accident, which prevented him from going home, and had he been able to go home, upon his arrival there it would have been necessary that he check any correspondence that might have arrived during his absence, and complete and mail to the home office a weekly report, before his week's work would have been completed. There was also a possibility that he would have made a trip to Hawkinsville that same day in regard to securing a new employee. His stated purpose in going home, as given to an insurance adjuster, was to get clothes for his contemplated trip to Chattanooga and to purchase groceries. He was not required to work on Saturday.

In addition to the above uncontroverted facts it was admitted by the claimant and his companion of Thursday evening that between them they consumed a pint of whisky during the evening, and the claimant admitted that he consumed two or three bottles of beer on Friday morning while waiting to meet his assistant supervisor. The claimant denied that he was intoxicated at the time of the accident, and persons observing him shortly before and after the accident testified to the same effect. The employer and the insurer pleaded intoxication at the time of the accident as the cause thereof, as an affirmative defense, and the hearing director found in favor of the claimant on this issue. Counsel for the employer and the insurer concede that this finding was authorized under the evidence and is conclusive.

"If the work of an employee or the performance of an incidental duty involves an exposure to the perils of the highway, the protection of the compensation act extends to the employee while he is passing along the highway in the performance of his duties." *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (2b) (118 S. E. 786). Where it appeared that the circulation

manager of a newspaper was killed when a sudden storm arose and a tree was blown across his automobile, crushing his head and producing almost instant death, while he was returning from a trip made for the purpose of transacting business with an agent of his employer, the court stated that "It must be held that the injury and death of MacKendree [the employee] arose out of his employment within the meaning of the compensation act." *Globe Indemnity Co.* v. *MacKendree, 39 Ga. App.* 58 (146 S. E. 46). An award granting compensation was authorized, under the holding of this court, where it appeared that a traveling salesman was killed while he was traveling in the performance of his duties when a tire on his automobile blew out. *Employers Liability Assurance Corporation* v. *Montgomery, 45 Ga. App.* 634 (165 S. E. 903). It was held by this court that a finding for the claimant was demanded, where it appeared that a traveling investigator was killed while the occupant of a hotel in Atlanta which burned, the employee having come to Atlanta to confer with his employer's attorneys on the following day. *Railway Express Agency Inc.* v. *Shuttleworth, 61 Ga. App.* 644 (7 S. E. 2d, 195). Where it appeared that the employee, a traveling salesman, fell from a stool in a lunchroom and broke his hip, causing his death, after having stopped to eat lunch while en route home after having been on a business trip, this court held that the evidence authorized a finding that the death was the result of injuries arising out of and in the course of the employment. *Employers Liability Assurance Corp.* v. *Pruitt, 63 Ga. App.* 149 (10 S. E. 2d, 275). A finding was authorized, under the holding of this court, that an accident arose out of and in the course of employment where a sales manager was injured while traveling for the purpose of fulfilling two objectives, going fishing and checking the records of a salesman leaving his employment. *Hartford Accident & Indemnity Co.* v. *Welker, 75 Ga. App.* 594 (44 S. E. 2d, 160). The Supreme Court held that a finding was demanded that the accidental injury arose out of and in the course of employment, where a traveling saleman slipped and fell, and fractured his skull, causing his death later, while crossing the street to go back to the hotel where he was registered, after having eaten dinner at a cafe across the street from the hotel, this employee having

stopped at the hotel in order to call on customers in the area. *Thornton* v. *Hartford Accident & Indemnity Co.*, 198 *Ga.* 786 (32 S .E. 2d, 816). It was held by the same court that the injury and resultant death of an employee did not arise out of and in the course of his employment, where the employee had been requested to come to Savannah from Macon to confer about business matters, and after arriving in Savannah and registering at a hotel decided to go 18 miles further to the beach, the sole purpose of this trip being to get a sea-food dinner and to view the ocean, the accident occurring while on his way there when a tire blew out on the automobile in which he was riding. *United States Fidelity & Guaranty Co.* v. *Skinner*, 188 *Ga.* 823 (5 S. E. 2d, 9). The facts in this last case obviously distinguish it from the other cases previously mentioned.

Under the rulings in the foregoing cases, it appears that if the duties of an employee are such that he is required to travel away from his home to perform the duties of his employment, and sustains an accidental injury on account of exposure to such hazards as may arise from the fact of traveling, or something incidental thereto, in performing the duties of his employment, such an accidental injury is one arising out of and in the course of his employment under the provisions of the Workmen's Compensation Law. But if such an employee sustains an accidental injury because of exposure to some additional hazard arising solely on account of being engaged in the performance of a matter purely personal to him amounting to a deviation from those acts reasonably necessary in traveling and lodging away from home in order to perform the duties of his employment, such an accidental injury is not one arising out of and in the course of the employment under the provisions of the Workmen's Compensation Law.

The uncontroverted evidence in this case shows that the employee sustained an accidental injury on account of exposure to the hazards of travel in performing the duties of his employment, irrespective of the fact that he may also have been traveling on the highway at the time and place in order to attend to personal matters. Under the law applicable thereto a finding was demanded that the claimant sustained an accidental injury arising out of and in the course of his employment, en-

titling him to compensation, and the judge of the superior court properly reversed the award denying compensation.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs in the judgment.*