**33578. FULMER v. AETNA CASUALTY & SURETY CO. et al.**

DECIDED NOVEMBER 20, 1951. REHEARING DENIED DECEMBER 5, 1951.

*Henry J. Heffernan, Eugene T. Gilbert,* for plaintiff.
*Martin, Snow & Grant,* for defendants.

MACINTYRE, P. J. This is the second appearance of this case in this court. When the case was here before, this court, in a divided opinion, held: "Under the evidence and the law applicable thereto, the claimant in this case failed to carry the burden of ultimately proving as a fact that her husband was killed by an accident arising out of and in the course of his employment. The only reasonable conclusion to be derived from the uncontradicted evidence is that Fulmer was killed in

an airplane accident while piloting an airplane of his employer which he had authority to use at the time, if in compliance with certain flying rules and regulations, but which was being used solely for his own personal pleasure and that of his companions, and not while he was engaged in fulfilling the duties of his employment, or in doing anything incidental thereto. Under the evidence a finding for the employer and the insurer was demanded as a matter of law. It follows that the judge of the superior court erred in affirming the award granting compensation. The judge of the superior court is directed to remand the case to the State Board of Workmen's Compensation for further proof and consideration." *Aetna Casualty & Surety Co.* v. *Fulmer*, 81 *Ga. App.* 97, 101 (57 S. E. 2d, 865).

The evidence adduced on the second hearing of the case, upon its remand to the State Board of Workmen's Compensation by this court, sufficiently supplemented the evidence adduced on the first hearing—which has been summarized in *Aetna Casualty & Surety Co.* v. *Fulmer,* supra—to authorize the board's finding that the claimant's husband met his death by an accident arising out of and in the course of his employment.

In the earlier decision, this court observed that Fulmer was in complete charge of operations at the flying school when Mr. Boshears, an official of the school, was absent, and had authority to determine when to fly and use the airplane which crashed and burned, causing Fulmer's death on the night of January 20, 1948. Stafford, who was also in the plane when it crashed, was a student of the flying school, and, under his program of training, was supposed to complete ten hours of night flying, but he had not done any night flying.

On the second hearing, however, it appeared from entries in Stafford's log book, which was not in evidence on the first hearing, that Fulmer had given Stafford dual instruction in night flying on flights on the nights October 10, 1947, and January 12, 1948, and the Augusta School of Aviation had invoiced these flights and charged them against Stafford's account, which was payable by the Veterans' Administration, as Stafford was taking his flight training under the G. I. Bill. Forrest E. Boshears, secretary of the corporate flying school, testified also that the school would have charged Stafford's account

with the fatal flight had it been successful. Although Sapp, who was the person present at the flying field when the plane took off and crashed, testified quite positively on the first hearing that the flight was one for pleasure, his testimony on the second hearing cast considerable doubt upon what he meant by the term "pleasure"; for, when asked, "Do you know whether or not they were to receive credit on that occasion or not?" he replied, "Well, we always have been receiving it [credit on the log book]; all flights would be pleasure, more or less, but still we get credit for it." Viewed in this light, Sapp's earlier testimony that the flight was for pleasure becomes equivocal, for it seems quite clear that to his mind pleasure was a derivative of flying whether the flight was instructional or not, and his conclusion that it was not an instructional flight need not have been accepted by the board. Thus, if Sapp's conclusion was not accepted by the board, the claimant carried the burden of proof; for her husband met his death at a time and place where he might reasonably have been expected to be in the performance of his duties, namely, giving instruction in night flying to a student whose flight program required such instruction, and whose log book indicated that Fulmer had given him such instruction on two earlier occasions for which the student's account was charged by the flying school; and under such circumstances the presumption arose that Fulmer met his death in an accident which arose out of and in the course of his employment. *Standard Accident Ins. Co.* v. *Kiker,* 45 *Ga. App.* 706 (5) (165 S. E. 850); *American Mutual Liability Ins. Co.* v. *Hardy,* 36 *Ga. App.* 487 (137 S. E. 113); *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (118 S. E. 786); *American Surety Co.* v. *Castleberry,* 57 *Ga. App.* 402 (195 S. E. 590).

We conclude, therefore, that, construing the evidence in the light most favorable to the party prevailing before the board, and following the rule—than which there is none firmer—that, if there is any evidence to sustain the findings of fact of the State Board of Workmen's Compensation, the appellate courts will not set the award aside in the absence of one or more of the grounds enumerated in Code § 114-710 for so doing, the superior court erred in setting aside the award granting compensation.

*Judgment reversed. Gardner and Townsend, JJ., concur.*