35340. OCEAN ACCIDENT & GUARANTEE COMPANY
*et al. v.* LOVERN, by Guardian.

DECIDED SEPTEMBER 27, 1954.

**710**

*Marshall, Greene & Neely, Burt DeRieux,* for plaintiff in error.

*Wyatt, Morgan & Sumner, Reuben A. Sumner,* contra.

GARDNER, P. J. ■ It is contended by counsel for the insurance carrier that the State Board of Workmen's Compensation was without jurisdiction in this case for lack of a proper party claimant, and that the said board should have sustained the carrier's motion to dismiss the case for want of jurisdiction; and further that the Superior Court of Meriwether County erred in not so holding. This contention is based upon the allegations that the Ordinary of Henry County was without authority to appoint C. E. West, a resident of Troup County, as the guardian of the claimant, who was a resident of Henry County. This was pleaded correctly before the State Board of Workmen's Compensation and in the Superior Court of Meriwether County. The record shows that the six nearest of kin (including his wife) agreed to the lunacy hearing. The wife expressly waived her right of preference to be appointed guardian. The writ was issued, the claimant was found to be incompetent by the proper authorities, and the Ordinary of Henry County appointed C. E. West, a resident of Troup County, as guardian of the person and property of the incompetent claimant. All these proceedings are shown by exhibits properly admitted into the record. Counsel for the carrier are correct in stating that the ordinary of the county of the claimant's domicile was the proper ordinary to appoint a guardian for the claimant. The claimant lived in Henry County, and the Ordinary of Henry County appointed C. E. West as guardian. Since counsel agree that the Ordinary of Henry County was the proper authority to appoint the guardian, we see no point in pursuing this question further.

Conceding, but not deciding, that the matter of the proper appointment of Mrs. C. E. West, sister of the claimant, as guardian after the death of C. E. West, was properly done before the State Board of Workmen's Compensation, by virtue of a personal appearance before the full board by counsel who questioned the jurisdiction for lack of a proper party claimant, we will discuss this question briefly. Counsel did not put this matter before the State Board of Workmen's Compensation in writing, but, according to counsel's brief, an oral motion to dismiss for want of jurisdiction was made to the full board. Counsel takes the position that this motion should have been considered in the de novo proceedings before the full board. The full board in affirming the findings and award of the single director did not mention this motion in regard to Mrs. C. E. West. Originally C. E. West was appointed guardian of the person and property of the claimant. He was a resident of Troup County. This made the claimant a resident of Troup County by virtue of Code § 79-405, which reads as follows: "Persons of full age, who for any cause are placed under the power of a guardian, have the same domicile as the guardian." Also Redfearn's Wills and Administration of Estates (Rev. ed.), p. 621, states: "the domicile of a lunatic or other incapacitated person is that of the guardian of his person." It follows that when C. E. West, the properly appointed guardian of the claimant, died, West being a resident of Troup County, this made the claimant a resident of Troup County, and the Ordinary of Troup County was the one and only ordinary with legal authority to appoint another guardian, i. e., Mrs. C. E. West. Therefore, there is no merit in this contention, conceding that it was properly before the full board and before the Superior Court of Meriwether County.

■ We come next to consider whether or not the evidence supported the findings of fact and the award of the State Board of Workmen's Compensation, which was affirmed by the Superior Court of Meriwether County. As shown hereinabove, there is evidence from which the State Board of Workmen's Compensation could base a finding that the claimant was engaged in the course of and in the scope of his employment at the time of the injury. It is true, as held in *Williams* v. *American Mutual Liability Ins. Co.*, 72 *Ga. App.* 205, 207 (33 S. E. 2d 451), that,

"Where an award is based upon an erroneous theory, it is reversible." However, in the instant case the hearing director bases his findings and award upon evidence which shows that the claimant was at a place where he might reasonably have been in the performance of his duties or doing something incidental thereto at the time of the injury. *Employer's Liability Assurance Corp.* v. *Woodward*, 53 *Ga. App.* 778 (187 S. E. 142), is not authority to reverse the instant case because of different facts being involved. This is true also in the cases of *Travelers Insurance Company* v. *Curry*, 76 *Ga. App.* 312 (45 S. E. 2d 453) and *Aetna Casualty &c. Co.* v. *Fulmer*, 81 *Ga. App.* 97, 100 (57 S. E. 2d 865). See *Aetna Casualty &c. Co.* v. *Jones*, 82 *Ga. App.* 422 (61 S. E. 2d 293).

The burden of proof was on the claimant to show that his injury was compensable. *Fulton Bag & Cotton Mills* v. *Haynie*, 43 *Ga. App.* 579 (159 S. E. 781). This was done to the satisfaction of the State Board of Workmen's Compensation, and the findings and award having been based upon some evidence to support it, this court is without authority to reverse them.

There is sufficient evidence to show that the claimant was not drunk and that his injury was compensable. In *General Accident Fire &c. Corp.* v. *Prescott*, 80 *Ga. App.* 421 (56 S. E. 2d 137), this court held: "The burden was upon the employer to establish the fact that the death of the claimant's husband was due to his intoxication. It is not sufficient to authorize a finding that the employee's death is due to intoxication to show merely that he was intoxicated. It is essential in order to constitute a bar to compensation, that his death was caused by his intoxication. The intoxication must have been the proximate cause of his death. *Shiplett* v. *Moran*, 58 *Ga. App.* 856 (200 S. E. 449)."

As to the rule applicable to the leeway of traveling salesmen in performing the duties of their employment see *Thornton* v. *Hartford Accident &c. Co.*, 198 *Ga.* 786 (32 S. E. 2d 816), wherein the Supreme Court held: "By the very nature of his work, a traveling salesman is not usually restricted to working on a schedule of hours. His employment is broader in scope than that of ordinary employees; his hours are more irregular, and usually longer, than those of general employees working in a fixed location; his conduct of his duties is of necessity left

largely to his discretion. . . A traveling salesman is taken away from his home or headquarters by his employment; and, because of the nature of his work, he usually can not return home each night. He must of necessity eat and sleep in various places in order to further the business of his employer; and the employer recognizes these necessities and usually pays the expenses of his lodging and meals, as was done in this case. . . Such an employee is in continuous employment, day and night. This does not mean that he can not step aside from his employment for personal reasons, or reasons in no way connected with his employment, just as might an ordinary employee working on a schedule of hours at a fixed location. He might rob a bank; he might attend a dance; or he might engage in other activities equally conceivable for his own pleasure and gratification, and ordinarily none of these acts would be beneficial or incidental to his employment and would constitute a stepping aside from the employment." See also *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (118 S. E. 786); *Fidelity & Casualty Co.* v. *Roberts*, 86 *Ga. App.* 472 (71 S. E. 2d 718); *Fulmer* v. *Aetna Casualty &c. Co.*, 85 *Ga. App.* 102 (68 S. E. 2d 180).

There is no evidence in the instant case that the claimant stepped aside from his employment for personal reasons. The evidence shows that the road from Gay to Luthersville (where the accident occurred) was part of one of the routes to Carrollton, where the claimant had business, and the presumption arises that the claimant's injury arose out of and in the course of his employment. See *American Mutual Liability Ins. Co.* v. *Hardy*, 36 *Ga. App.* 387 (137 S. E. 113); *Standard Accident Ins. Co.* v. *Kiker*, 45 *Ga. App.* 706 (5) (165 S. E. 850); and *American Surety Company* v. *Castleberry*, 57 *Ga. App.* 402 (195 S. E. 590). There is sufficient competent evidence upon which the State Board of Workmen's Compensation could and did base the findings and award in favor of the claimant. There is no error in this contention.

The Superior Court of Meriwether County did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*