43184. GEORGIA CASUALTY & SURETY COMPANY et al.
v. CONNER et al.

ARGUED NOVEMBER 8, 1967—DECIDED JANUARY 24, 1968—
REHEARING DENIED FEBRUARY 13, 1968.

234

*Quillian & Quillian, Alfred A. Quillian,* for appellants.

*John R. Laseter, Robert W. Harrison, Jr.,* for appellees.

BELL, Presiding Julge. In a number of cases this court has applied the rule that where an employee is found dead in a place where he might reasonably be expected to be in the performance of his duties, the natural presumption arises that his death arose out of and in the course of his employment. *Standard Acc. Ins. Co. v. Kiker,* 45 Ga. App. 706 (5) (165 SE 850); *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102, 104 (68 SE2d 180); *Williams v. Maryland Cas. Co.,* 99 Ga. App. 489, 491 (109 SE2d 325); *Hartford Acc. &c. Co. v. Cox,* 101 Ga. App. 789, 793 (115 SE2d 452). In *Kiker, Williams* and *Cox,* the employee was found dead on the employer's premises under circumstances indicating wilful assault by a third person. In *Fulmer* the employee, a flying instructor, was killed in an airplane crash with a student pilot where the flight might have been either for pleasure or for instructional purposes. See also *American Mut. Liab. Ins. Co. v. Hardy,* 36 Ga. App. 487, 489-491 (137 SE 113), where the death on the employer's premises could have occurred either during the employee's rest period or while he was preparing to return to work. See also *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682, 689 (118 SE 786); *American Surety Co. v. Castleberry,* 57 Ga. App. 402 (195 SE 590); *Union News Co. v. Oldham,* 74 Ga. App. 209, 211 (39 SE2d 318); *Ocean Acc. &c. Co. v. Lovern,* 90 Ga. App. 708, 713 (83 SE2d 862). In *Sumrell* and in *Lovern,* the injury occurred by automobile accident while the employee, a salesman, was traveling along a route which he might reasonably have used in travel incidental to his employment. In *Castleberry* and *Oldham,* the deaths were caused by transportation accidents along specific routes directed by the employer. In some of the cases cited, *Hardy, Sumrell* and *Oldham,* application of the presumption was not clearly expressed. See gen-

erally, 1 Larson, Workmen's Compensation 108, § 10.32; 120 ALR 683.

The foregoing cases demonstrate that where this court has expressly applied or even hinted at the unexplained death rule, the employee was injured or was found dead within a rather limited area, as on the employer's premises or along a particular route of travel, where he might reasonably be expected to be in the performance of his duties or in doing something incidental to his employment. In this case the evidence merely showed that deceased was found in woods somewhere in Camden County. There was no evidence that the woods were along or in proximity to any route to travel which he might use in calling on delinquent debtors or that the woods were on the premises of one of the debtors. If so, the presumption might be applicable. But deceased could not reasonably be expected to be anywhere in Camden County generally in connection with his employment. The area with respect to which the presumption would obtain was limited by the purpose and nature of the trip and did not embrace all of the county. The presumption did not arise upon proof merely that the employee was found dead somewhere in the county.

This case is analogous to *Savannah River Lumber Co. v. Bush*, 37 Ga. App. 539 (140 SE 899), where the employee's body was found more than two miles from the specific area connected with his employment. There the court said (p. 541), "It is more consistent with legal justice that a given case should fail for want of evidence than that it should succeed merely because the truth cannot be shown." See also *Ladson Motor Co. v. Croft*, 212 Ga. 275, 277 (92 SE2d 103), where the employee, a nightwatchman, was found dead across the street from his employer's premises. In the latter case the court held that the presumption would not obtain, thus narrowly limiting its application as to area.

The burden was on the claimant to show that the death occurred at a place where he might reasonably have been in the performance of his duties and while he was fulfilling his duties or was engaged in doing something incidental thereto, and that the employment was a contributing cause. *Ladson Motor Co.*

236

*v. Croft*, 212 Ga. 275, 278, supra. *Hughes v. Hartford Acc. &c. Co.*, 76 Ga. App. 785, 789 (47 SE2d 143). Without the aid of the presumption, it was wholly a matter of speculation and conjecture whether the death resulted from some matter incidental to deceased's employment, or for revenge or other reasons personal to deceased.

The trial court erred in affirming the board's award granting compensation, and the judgment therefore must be reversed. However, this judgment of reversal is not to be construed as precluding the trial court from exercising its discretion under *Code* § 114-710 to recommit the controversy to the board to hear additional evidence on the question whether the death arose out of and in the course of the employment. *Hartford Acc. &c. Co. v. Cox*, 191 Ga. 143 (11 SE2d 661).

*Judgment reversed. Pannell and Whitman, JJ., concur.*