## 51212. CHANCY et al. v. POPE.

BELL, Chief Judge.

This workmen's compensation claim arose out of the death of claimant's husband, Donald Pope, who was killed on June 13, 1973, when a crop dusting plane he was piloting crashed. The appellants, a partnership, operated a crop dusting business and the deceased was one of the appellants' pilots. The deputy director's findings of fact and award granting compensation were adopted by the full board on review and the superior court affirmed. *Held:*

1. The appellants contend that deceased and two other pilots engaged in this activity were independent contractors and not employees and therefore the Workmen's Compensation Act does not apply. The evidence reveals that the appellants furnished the aircraft to all pilots, all maintenance, a "loader" to mix

and place chemicals into the respective plane, paid for all advertising and other business expenses, and gave instructions to the pilot as to the use of the plane and were required to "satisfy the customer." All of these factors authorize the inference that appellants had the right to control the manner, method, and means of the work and thus the deceased and the other pilots were employees and not independent contractors. See *Cash v. American Surety Co.,* 101 Ga. App. 379 (114 SE2d 57). As the appellants employed four "loaders" plus three pilots, one of which was the deceased, the Workmen's Compensation Act applied as the appellants had more than five employees at the time of decedent's death. Ga. L. 1973, pp. 232, 234 (Code § 114-107).

2. There is evidence that deceased consumed two cans of beer approximately six hours prior to the crash which was in violation of an FAA regulation which prohibited anyone from acting as an aircraft crew member within eight hours after consumption of any alcoholic beverage (14 C. F. R. 91.11). Assuming but not deciding that violating this regulation constitutes wilful misconduct, there is no evidence that the consumption of the two cans of beer proximately caused the death, proof of which is required in order to bar compensation under Code § 114-105. *Parks v. Maryland Cas. Co.,* 69 Ga. App. 720 (26 SE2d 562).

3. It is urged that the finding that the death of decedent arose out of and in the course of his employment was not authorized by the evidence. It is contended that the evidence demanded the conclusion that the deceased was not in a place where he reasonably might be expected to be in the performance of his duties and was not performing something incidental to his work. The specific evidence demanding that, counsel argues, is: That the deceased had just finished spraying a field and returned to the vicinity of the landing field; climbed to an estimated altitude of 2,000 to 3,000 feet; shortly thereafter the fatal crash occurred when a wing separated from the plane's fuselage; and that crop dusting is normally performed at a maximum 500 foot altitude. The fact standing alone that decedent was not at a "crop dusting" altitude is insignificant in view of the fact that decedent had to be in

the air in order to perform his duties and the evidence that deceased had another crop dusting job to be performed later on the day of the crash; and that 2,000 to 3,000 foot altitude for this type plane was not unusual. Thus there is evidence that the deceased was at a place where he might reasonably be expected to be in the performance of his duties. In a number of cases we have applied the rule that where an employee is found dead in a place where he might reasonably be expected to be in the performance of his duties, the natural presumption arises that his death arose out of and in the course of his employment. *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102, 104 (68 SE2d 180); *Ga. Cas. &c. Co. v. Conner,* 117 Ga. App. 233 (160 SE2d 436). This rule applies here. The award was authorized.

4. There is no merit in the contention that the award was based on an erroneous legal theory in that the circumstantial evidence rule was erroneously applied by the deputy director and the board.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED OCTOBER 6, 1975 — DECIDED DECEMBER 2, 1975.

*Davis & Gregory, Hardy Gregory, Jr.,* for appellants.
*Mills & Chasteen, Ben B. Mills,* for appellee.