## 57696. BLOODWORTH v. CONTINENTAL INSURANCE COMPANY et al.

SMITH, Judge.

We reverse the judgment of the trial court affirming the denial of appellant's claim by the State Board of Workers' Compensation.

1. Code § 114-105 provides: "No compensation shall be allowed for an injury . . . due to the employee's wilful misconduct . . . or due to intoxication . . . " Under this section, the fact of wilful misconduct or intoxication alone will not suffice to bar recovery by the employee. "Wilful misconduct or intoxication of an employee which would bar a recovery for injuries sustained by him must be such wilful misconduct or intoxication as proximately caused the injury . . ." *Parks v. Maryland Cas. Co.*, 69 Ga. App. 720, 724 (26 SE2d 562) (1943).

2. The board found the evidence was sufficient to establish that appellant was intoxicated when the accident occurred. Based upon this finding of intoxication, the board concluded: "Pursuant to Code § 114-105, the claimant is *therefore* precluded from recovering compensation for injuries received in the accident." (Emphasis supplied.) This statement establishes that the board failed to make a determination as to whether appellant's alleged intoxication was a proximate cause of the injury, as required by law.

3. The failure of the board to make a finding with respect to proximate cause affirmatively appears on the face of the record. Therefore, the trial court erred in affirming the board's determination on the ground that "the Board necessarily found [by denying compensation] that the accident which occurred was explained and proximately caused by the claimant's intoxication . . ."

This is true because the appellate courts time and time again have said that the State Board of Workers' Compensation *findings on fact are conclusive.* "A finding of fact by an administrative law judge or the State Board of Workmen's Compensation, when supported by *any evidence,* is conclusive and binding upon both the superior court and this court." (Emphasis supplied.) *Davis v. Houston General Ins. Co.*, 141 Ga. App. 385, 387 (233 SE2d

479) (1972). "On a contested question of fact, where there is evidence to support the finding of the Industrial Board, *its finding of such facts is final and can not be reviewed.*" (Emphasis supplied.) *Fried v. United States Fid. &c. Co.,* 192 Ga. 492, 493 (15 SE2d 704) (1941).

The board, in this case, failed to make a determination as to whether appellant's alleged intoxication was a proximate cause of the injury. *Neither the trial court* nor this court can make that determination.

Code § 114-105 does not disallow compensation for one injured while intoxicated unless the intoxication *proximately caused the injury.* In view of the fact that the board did not find that Bloodworth's intoxication was the proximate cause of his injury the trial court cannot so find. Insofar as the facts are concerned, all the trial court can do is affirm, reverse or remand on the *any evidence* rule. This must be based exclusively upon the facts as found by the board.

The judgment is reversed with direction that the case be remanded to the State Board of Workers' Compensation in order that it may determine whether the intoxication was the proximate cause of the injury. If the board so determines subject to the *any evidence* rule, the trial court is bound thereby and so is this court.

*Judgment reversed with direction. Quillian, P. J., and Birdsong, J., concur.*

ARGUED APRIL 5, 1979 — DECIDED SEPTEMBER 20, 1979 — REHEARINGS DENIED OCTOBER 2, 1979—

*David R. Autry,* for appellant.
*George L. Pope, Jr., Lyman M. Delk, Jr.,* for appellees.