## 39353. SOUTHWIRE COMPANY v. CATO.

HILL, Chief Justice.

Certiorari was granted in this workers' compensation case to decide two questions: (a) whether the "natural inference from human experience" can be relied upon where there is medical testimony that the employee's heart attack was not caused by exertion on the job; and (b) whether the "natural inference from human experience" is applicable to a heart attack occurring at a time when the employee is not engaged in the employer's business.

The facts of the case as found by the administrative law judge are as follows: "Claimant, an over the road truck driver for Southwire, returned to Carrollton from a two-day trip to Cincinnati and Columbus, Ohio on March 6, 1980. He arrived about 2:00 p.m., and after detaching his trailer, refueling the tractor, and checking out, he began to remove all of his personal effects from the old tractor to put them in a new tractor which had been awarded to him by the supervisor upon his return. He made these transfers on his own time; however, the new tractor was on the property of Southwire and the endeavor took him in excess of two hours to complete. During the day, he had appeared to be in good spirits; had expressed no concern regarding his health to any of his co-workers; and was reported to be happy concerning the new tractor he would be driving on the following day. When his wife arrived home around 6:30 p.m., he was there and told her he was not feeling well, commenting that he did not know he had so much stuff in his old truck to move over to the new one. He commented he felt he had an up-set stomach before dinner, and after eating, took an alka-seltzer, prepared his clothes and shoes for the next day's trip and lay down. Around 11:30 p.m., he got up and began watching T.V. Shortly after his wife got into bed, he fell across the bed [and] suffered a heart-attack, from which he died. . . ." The employee had a history of hypertension.

Following her husband's death the widow, contending that work-related fatigue caused his heart attack, filed a claim for workers' compensation benefits with his employer, Southwire Com-

pany. The company contested the claim on the ground that the employee's death was not job related. Each side presented medical testimony favoring its position. Following the hearing, the administrative law judge awarded benefits to the widow, based upon the foregoing facts, the medical testimony favoring the claimant and "the natural inference that claimant's death was work related." The Board affirmed, one member dissenting, and on appeal the superior court affirmed. Southwire's application for a discretionary appeal was denied by the Court of Appeals, and its petition for writ of certiorari was granted by this court.

After plenary consideration, we find that the second certiorari question is the only one properly before us. This determination should not be interpreted as an implied decision of the first certiorari question.

Under our workers' compensation law, " 'Injury' or 'personal injury' means only injury by accident arising out of and in the course of the employment...." OCGA § 34-9-1 (4) (Code Ann. § 114-102). An additional requirement as to heart attacks is that "injury" and "personal injury" shall not "include heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis unless it is shown by a preponderance of competent and credible evidence that any such conditions were attributable to the performance of the usual work of employment." OCGA § 34-9-1 (4) (Code Ann. § 114-102).

The "natural inference" rule has at least two applications: (1) unexplained deaths, and (2) unexplained deaths involving heart attacks.[1] 1 Larson's Workmen's Compensation Law §§ 10.32, 10.32(a) (1982); Hiers & Potter, Georgia Workers' Compensation, § 5-6 (1981). According to Larson, the classic case of unexplained death "is that of the night watchman found dead at his post of duty, having been assaulted during the night, with nothing to indicate whether the motivation for the assault was personal or work-connected." Larson, supra, § 10.32 at p. 3-101. In such case, "the natural presumption arises that his death arose out of and in the course of his employment." *Standard Accident Ins. Co. v. Kiker,* 45 Ga. App. 706 (5) (165 SE 850) (1932).

This natural presumption is well stated in *Ga. Cas. &c. Co. v. Conner,* 117 Ga. App. 233 (1) (160 SE2d 436) (1968): "Where an employee is found dead in a place where he might reasonably be expected to be in the performance of his duties, the natural

---

[1] The word "unexplained" is used here to indicate that although the death was caused by heart attack, the cause of the heart attack is "unexplained."

presumption arises that his death arose out of and in the course of his employment."[2] A prerequisite to application of this presumption is that the employee be found at a place where he might reasonably be expected to be in the performance of his duties.

The "natural inference" rule applicable to heart attacks is stated differently. In such cases, ". . . the evidence must show the work engaged in by the employee to have been sufficiently strenuous or of such a nature that, combined with the other facts of the case, it raises a natural inference through human experience that the exertion contributed toward the precipitation of the attack. . . ." *Hoffman v. National Surety Corp.,* 91 Ga. App. 414 (85 SE2d 784) (1955). The question before us is whether this "natural inference" is applicable to a heart attack following exertion at work where the first symptoms of such attack occur at a time when the employee is not engaged in the employer's business. No case directly in point has been cited and none has been found.

"The mere fact that an employee suffered a fatal heart attack while working for his employer does not, in and of itself, require a finding that the attack was caused by exertion on the part of the employee in the course of his employment. [Cits.]" *Hansard v. Ga. Power Co.,* 105 Ga. App. 486 (124 SE2d 926) (1962). A fortiori, a heart attack occurring after work may be caused by conditions unrelated to the employee's work.

In *Guye v. Home Indem. Co.,* 241 Ga. 213, 215 (244 SE2d 864) (1978), we pointed out: "It is well recognized in 'heart attack' cases that it is often difficult for the trier of fact to find the line between a noncompensable heart injury that is a symptom of an existing disease merely manifested during job exertion, and a compensable heart injury to which the job exertion was a contributing precipitating factor. [Cits.]" In *Guye* the employee's heart attack symptoms started on the job following exertion. There was no medical evidence as to the cause of the attack. The question before us there was whether, without medical evidence as to causation, the natural inference could satisfy the "preponderance of competent and credible evidence" requirement of our law. OCGA § 34-9-1 (4) (Code Ann. § 114-102), supra. We found that it could.

In *Guye,* we expressly did not decide whether the natural inference can prevail in a case where there is uncontradicted medical opinion that the employee's work did not cause or contribute to his

---

[2] The rule has been expanded to include cases where the employee becomes ill at his place of employment and dies from such illness at the hospital. *General Accident Fire &c. Ins. Co. v. Sturgis,* 136 Ga. App. 260 (221 SE2d 51) (1975).

heart injury. 241 Ga., supra, at 217. Citing this limitation in our decision in *Guye,* the employer argues that there is no "natural inference" that a heart attack was work related when there is, as here, some medical testimony that it was not.[3] The narrow holding in *Guye* should not be read as an implication that the natural inference from human experience disappears upon presentation of medical testimony. However, we need not reach that question because, in view of our competent and credible evidence requirement, OCGA § 34-9-1 (4) (Code Ann. § 114-102), supra, we hold that the "natural inference" is not available where, as here, the symptoms of the heart attack did not occur until the claimant had been home several hours. Compare *Liberty Mut. Ins. Co. v. Meeks,* 81 Ga. App. 800 (60 SE2d 258) (1950); *Bituminous Cas. Corp. v. Powell,* 84 Ga. App. 235 (65 SE2d 825) (1951).

Inasmuch as the award of compensation was incorrectly based in part on the "natural inference," this case is remanded for further proceedings as in *Hoffman v. National Surety Co.,* supra, at 417.

*Judgment reversed. All the Justices concur, except Clarke, Smith and Gregory, JJ., who dissent.*

DECIDED APRIL 19, 1983 —
REHEARING DENIED MAY 24, 1983.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Douglas A. Bennett,* for appellant.
*C. C. Perkins, Clifford C. Perkins, Jr.,* for appellee.
*Don C. Keenan, Charles R. Ashman,* amicus curiae.

SMITH, Justice, dissenting.

I respectfully dissent. The majority reverses the decisions of both the administrative law judge and the reviewing board, principally because the administrative law judge's order contained a passing reference to the "natural inference" that Cato's death due to a heart attack was work-related. This result is wrong for at least three reasons.

First and foremost, the majority wrongly erects an inflexible rule of law which bars use of the "natural inference" in heart attack cases where the manifestations of the illness occur when the worker is away

---

[3] The employer's medical witness based his opinion in large part on the fact that the attack did not occur while the decedent was exerting himself on the job but several hours later while he was at home and at rest.

from his job. I think that the very nature of heart attack cases demands that a common-sense inference of job-relatedness be available to the hearing officer, whether the fatal attack occurs on or off the job site. The cases demonstrate that recovery for off-the-job heart attacks was, at least until today's decision, routine. See, e.g., *Maryland Cas. Co. v. Dixon,* 83 Ga. App. 172 (63 SE2d 272) (1951). Today's opinion will undoubtedly curtail recovery by otherwise deserving claimants whose only misdeed is that they happen to die at home in bed and not during working hours. I cannot agree with such a result.

Second, there exists in this record ample evidence, apart from the "natural inference," to authorize the award under the "any evidence" standard for review of factual determinations in workers' compensation cases. See *Guye v. Home Indem. Co.,* 241 Ga. 213, 217 (244 SE2d 864) (1978); *Bloodworth v. Continental Ins. Co.,* 151 Ga. App. 576 (260 SE2d 536) (1979). The administrative law judge heard the evidence in this case, including conflicting medical testimony, and entered detailed findings of fact indicating that Cato's death was work-related. We should not disturb this ruling.

Third, in my view the administrative law judge was correct to rely on the "natural inference" in a case such as this one, where conflicting medical evidence was introduced concerning the cause of Cato's death. "The fact-finder may rely on several different forms of evidence in such cases to establish whether there is a causal connection between the employment activities and the heart attack: medical opinion, lay observations and opinion, and 'the natural inference through human experience.' " *Carter v. Kansas City Fire &c. Ins. Co.,* 138 Ga. App. 601, 604 (226 SE2d 755) (1976). The inference is in reality nothing more than a common-sense approach based on " 'human experience from the connection of cause and effect, and observations of human conduct,' " *Guye v. Home Indem. Co.,* supra, at 216. As such it is a valuable tool of the hearing officer, and should not be discarded upon the presentation of conflicting medical evidence. This is, I believe, most consistent with the beneficent, remedial purposes underlying our workers' compensation act. *Samuel v. Baitcher,* 247 Ga. 71, 73 (274 SE2d 327) (1981).

I am authorized to state that Justice Clarke and Justice Gregory join in this dissent.