69073. C & G CLOTHING COMPANY et al. v. ROWELL.
(325 SE2d 906)

CARLEY, Judge.

The instant workers' compensation appeal stems from a heart attack that was suffered by the appellee-claimant, who is employed as a truck driver for the appellant-employer. At the initial hearing on appellee's claim before the administrative law judge (ALJ), testimony was given as to the following occurrences on June 22, 1982: Appellee, during the course of a round-trip delivery to Alabama, suffered cramps in his arm and "his legs felt as if they were going to sleep along with a nervous and weak feeling of his entire body." When appellee got out of the van, he staggered and had to hold onto the truck to keep from falling. Despite his physical condition, appellee finished the trip, but later told his wife at home that he "felt bad" and was "totally exhausted." Subsequently that evening, appellee was admitted to the hospital intensive care unit where he was diagnosed as having suffered an acute myocardial infarction. There was also medical testimony given by appellee's treating physician, from which the ALJ found that "it is not beyond reason to think that some exertion preceded claimant's infarction and driving the truck may have been a precipitating cause of claimant's heart attack even though the majority cause of his heart attack would have to be more his family history, his smoking, the level of his exercise, his diet and his 'hypercrotus rodemia.' " The ALJ then concluded that appellee had "sustained an accidental injury which arose out of and in the course of his employment with employer on 6-22-82 when claimant had an acute myocar-

dial infarction or heart attack *after work* and . . . as a result, he is entitled to total disability income benefits . . . ." (Emphasis supplied.)

The ALJ's award was appealed to the full board. According to the wording of its subsequent award, the full board conducted a "de novo review of *all* the evidence . . . ." (Emphasis supplied.) After this review, the full board found "that claimant suffered his heart attack while at home and not during the performance of any work-related duties. Since the heart attack occurred at home, the natural inference from human experience does not apply. *Southwire Company v. Cato*, 250 Ga. 895 [(302 SE2d 91)] (1983)." The full board substituted its own findings and conclusions for those of the ALJ and held that appellee's "heart attack did not result from an injury by accident arising out of or in the course of his employment."

On appeal from the full board's award, the superior court found that, "[w]hile the hearing before the full Board is De Novo and must be affirmed if supported by the any evidence rule it is not clear whether the Board considered the direct examination of the claimant or only the cross-examination." Acting under the authority of *Employers Mut. Liab. Ins. Co. v. Videtto*, 124 Ga. App. 458 (184 SE2d 210) (1971), the superior court then remanded the case to the full board for additional findings pursuant to OCGA § 34-9-105 (c) (3), after stating that it was unable to "determine whether the facts found by the Board support the award." Appellant's application to this court, for a discretionary appeal from the superior court's order, was granted.

1. Since the award of the full board specifically stated that "all the evidence" had been reviewed de novo a remand for additional findings of fact would not be authorized on the basis given by the superior court for doing so. See *Zurich Ins. Co. v. Robinson*, 127 Ga. App. 113, 118-119 (192 SE2d 533) (1972); *Zurich Ins. Co. v. Hightower*, 113 Ga. App. 503, 506 (148 SE2d 464) (1966). Accordingly, the order of the superior court remanding the award to the full board is reversed.

2. The only action taken by the superior court thus far has been to make the procedural ruling remanding the award to the full board. Since the merits of appellee's attack upon the award of the full board have never been addressed by the superior court, they cannot be reached in the context of the instant appeal. The initial resolution of such issues is for the superior court when, pursuant to our reversal of the erroneous procedural order, appellee's appeal from the award will be returned to that court rather than remanded to the full board. Included among these issues is appellee's contention that the award of the full board is based upon an erroneous legal theory, to wit: A misinterpretation and misapplication of the Supreme Court's decision in

*Southwire Co. v. Cato*, supra. See generally *Zippy Mart, Inc. v. Fender*, 170 Ga. App. 617 (317 SE2d 575) (1984).

*Judgment reversed and case remanded with direction. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 16, 1985.

*Donald M. Shivers*, for appellants.
*C. C. Perkins*, for appellee.