## 30266. ÆTNA CASUALTY & SURETY CO. *et al.* v. JOHNSON.

DECIDED FEBRUARY 29, 1944.

*Bussey, Fulcher & Hardin,* for plaintiffs in error.

*Cohen & Cohen, Frank S. Burney,* contra.

MacIntyre, J. ▮ In his award of April 16, 1943, the director made the following findings of fact: "The sole question for determination is that of dependency on the part of his mother, Annie Lou Johnson. The record shows that Annie Lou Johnson has a husband living with her and working, making a salary of $16 per week; that Annie Lou Johnson worked at times and received from fifty cents to a dollar per day. There is nothing in the record to show that the mother claimant or her husband were physically or otherwise handicapped for working. Under the Code, §.114-414, a wife shall conclusively be presumed to be wholly dependent for support upon her husband. In the instant case the deceased was reared from about the age of six months to the age of sixteen years by Hannah Jones. During this period of time he lived apart and separate from his mother. About two or three years before his death he went back to his mother, and at the time of his death was living with his mother and her husband, his step-father. Certainly, she was not dependent on him for approximately sixteen years, and even though she was his mother, he was not dependent on her over this period of years. There is nothing in the record which proves to the undersigned deputy-director that it was necessary for her to have his earnings in order to have the necessities of life. I observed from her appearance that she was in good health, of middle age, and no physical defects, thereby necessitating other support, than that of her husband. I therefore find as a matter of fact and conclude as a matter of law that the claimant, Annie Lou Johnson, was never at any time dependent upon the deceased, Robert Lee Jones, either totally or partially for support." The findings of fact by the hearing director are binding on the superior

court and this court, if supported by any evidence. *Independence Indemnity Co.* v. *Sprayberry,* 171 *Ga.* 565, 566 (156 S. E. 230). The sole question in this case is whether there is any evidence to support the award.

The Code, § 114-414, reads in part as follows: "The following persons shall be conclusively presumed to be the next of kin wholly dependent for support upon the deceased employee: (a) A wife upon a husband whom she had not voluntarily deserted or abandoned at the time of the accident. (b) A husband upon a wife with whom he lived at the time of her accident if he is then incapable of self-support and actually dependent upon her." The director seems to have construed this section to mean: (1) That the right of a married woman to compensation for the death of a husband or son, in case of the death of the husband, unless she has voluntarily deserted or abandoned him at the time of the accident and is not at all dependent upon him in fact, is that she is conclusively presumed to be wholly dependent upon him; and (2) that in case of the death of a son, if the mother, as here, is a wife who has not voluntarily deserted her husband and is dependent upon him, she is conclusively presumed to be wholly dependent upon the husband, and is thereby precluded from receiving compensation for the death of her son. The former construction is correct, while the latter is incorrect. This Code section was intended to apply where the wife makes a claim for compensation on account of the death of her husband, and not where she makes a claim for compensation on account of the death of her son. In the instant case the husband was still living at the time of the death of the son, and in such a case, with facts as they are here, that section has no application. "Dependency does not depend on whether the alleged dependents could support themselves without decedent's earnings, or so reduce their expenses that they would be supported independently of his earnings, but on whether they were in fact supported in whole or in part by such earnings, under circumstances indicating an intent on the part of the decedent to furnish such support. . . To argue that the mother was not dependent on the deceased because she was dependent on her husband, is taking too narrow a view of the provisions of the workmen's compensation act. True, she was not totally dependent on the deceased, but only partially dependent. However, the deceased was morally obligated to pro-

vide sufficient funds to enable her to live as her station in life authorized, and had a right to do so, and the mother certainly had the right to consider it as being for such support. Legally speaking, Mrs. Jordan could only demand a support from her husband, but this does not prevent dependency upon her son, *as a fact.*" *Glenn Falls Indemnity Co.* v. *Jordan,* 56 *Ga. App.* 453, 457 (193 S. E. 96).

In the instant case, the mother claimed compensation on account of the death of her son. She made no contention that either she or her husband were in any way physically or otherwise incapacitated to work and make a living, and under the pleading and the evidence, there was no issue as to this. Under the facts here, their capacity to work was not material to a correct determination of the issues. *Clover Fork Coal Co.* v. *Ayres,* 219 Ky. 326 (292 S. W. 803); *Ketchikan Lumber & Shingle Co.* v. *Bishop,* 24 Fed. 2d, 63. Irene Everett, colored, testified: "Q. Annie Lou Johnson was married, wasn't she? A. Yes, sir. Q. Her husband is living? A. Yes, sir. Q. What is his name? A. Percy Johnson. Q. Where was he working at the time Robert Lee was killed? A. He was working at the camp. Q. They were living together as husband and wife? A. Yes, sir. Q. He was supporting her? A. Yes, sir, as far as I know." We find no evidence in the record that the deceased son was not contributing to the support of his mother, or that she was not partially dependent upon him for support, unless it be from the following questions and answers: "Q. They [the mother and stepfather of the deceased] were living together as husband and wife? A. Yes, sir. Q. He was supporting her? A. Yes, sir, as far as I know." The inference which would naturally be drawn from the first part of the last answer—that the witness knew the husband was supporting his wife—was unauthorized, as shown by the latter part of the answer, and the only reasonable inference that could be drawn is that the witness really knew nothing of her own knowledge about the support of the claimant, but was merely surmising or conjecturing that the husband did what was customary, or speaking more accurately, what was his duty, and was supporting his wife. Such being the case, in the circumstances under which it was made, the statement of the witness, that so far as she knew, the husband was supporting his wife, counts for nothing. *Evans* v. *Scofield's Sons Co.,* 120 *Ga.* 961, 962 (48 S. E. 358).

Since it conclusively appears from the other evidence in the case that the mother was partially dependent upon the son, and there is nothing in the evidence to contradict this, she could recover compensation for his death as the proximate result of an accidental injury arising out of and in the course of his employment; for what the defendant contends is a contradiction, as above indicated, amounts to nothing, and the evidence with all reasonable deductions demanded a finding that the mother was partially supported by the minor son, the deceased employee, and that she should be considered as partially dependent upon the son under the workmen's compensation law.

The evidence also shows that the husband and the deceased son each made a wage of approximately $16 a week; that the mother worked occasionally and made fifty cents to a dollar a day; and that the mother lived better and more comfortably as a result of her son's contribution of $16 a week, which was his entire wage. This does not destroy her claim of partial dependency, for it is enough if she depended and relied on what the son gave to enable her to enjoy the ordinary and reasonable necessities of life suitable to a person in her position. London Guaranty & Accident Co. v. Hoage, 75 Fed. 2d, 236.

There was no sufficient evidence in the record to warrant the finding of the State Board of Workmen's Compensation that the mother was not a partial dependent upon her deceased son, and the superior court did not err in reversing the finding of the board.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*