42090.   AETNA CASUALTY & SURETY COMPANY et al.
v. SHADDRICK.

DEEN, Judge. 1. Testimony relating to the deceased employee's work load in this compensation case is sufficient to show that he was employed to tend 12 machines which process cotton thread; that each machine or frame required the placing and removing of 24 cans at the back and four at the front; that the cans weighed between 7 and 24 pounds approximately,

depending upon whether they were full or empty, and that a complete change and replacement of cans was usually made per machine in 30 minutes or less. Such activity would involve the moving of 3 cans every four minutes, amounting, at least theoretically, to the lifting of more than two tons of weight per hour. Although the witness specified the exact number and weight of the cans lifted by the decedent as a "guess," he also stated that the figures were "pretty close to right, I wouldn't say that's exactly right." Testimony is not to be rejected simply because it lacks absolute positiveness; where the statement is qualified by an ambiguous expression that this is what the witness thinks or guesses it is nevertheless admissible if the meaning is a reference to the witness' recollection of facts rather than to his own inference or deduction. *Marshall v. Pierce,* 136 Ga. 543 (3) (71 SE 893); *Carter v. Ray,* 70 Ga. App. 419 (6) (28 SE2d 361). There were sufficient facts in evidence here to support the deputy director's finding of fact that the employee, while not required to do heavy lifting, was required to do a great deal of lifting and a great deal of walking in order to keep the machines going, and also that his work load had been increased within recent weeks. The award was not erroneous as based on insufficient evidence relating to the exertion required of the decedent or as being based on mere speculation and conjecture.

2. The words *injury* and *personal injury* in workmen's compensation cases include heart disease, heart attack, and coronary occlusion only where "it is shown by a preponderance of competent and creditable evidence that it was attributable to the performance of the usual work of employment." Ga. L. 1963, pp. 141, 142 (*Code Ann.* § 114-102). Thus, the prima facie presumption which usually arises where an employee is found dead at a place where he is reasonably expected to be in the performance of his duties, that the death arose out of and in the course of employment (*Hartford Acc. &c. Co. v. Cox,* 101 Ga. App. 789 (115 SE2d 452)) must be bolstered in heart cases by evidence of a causal connection between the work and the heart attack. Here the employee was found dead of a heart attack at the place where he was tending frames during working hours and in less than a half hour after one of the witnesses had seen him at work.

3. While the statement in a death certificate as to the cause of death is prima facie evidence of the fact, it is subject to

rebuttal and explanation, and the issue then becomes one for determination by the fact-finding body. *Davis v. Atlantic Steel Corp.*, 91 Ga. App. 102 (1) (84 SE2d 839). The death certificate signed by Dr. Elliott, the decedent's personal physician, gave the cause of death as "myocardial occlusion." Dr. Elliott testified that he used this term as synonymous with "coronary occlusion"; that in his opinion the employee had suffered from coronary disease for several years, and that the exertion of his work was a contributing factor in the attack which resulted in his death. Another expert medical witness testified from the hypothetical questions asked him that he assumed, based on his experience in the field as applied to the facts given him, that the employee died as the result of a myocardial infarction, that he did not recognize "myocardial occlusion" as a medical term, and that if the employee in fact died of coronary occlusion he would say the work had nothing to do with the attack. This witness, his attention being called to the death certificate, interpreted the cause of death to have been intended as myocardial infarction, but the testimony taken as a whole shows that the opinion as to cause of death was based on hypothetical facts and not simply on his interpretation of the meaning of the death certificate. Indubitably, the evidence was sufficient to support the finding of the deputy director that the death arose out of and in the course of the employment.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED JUNE 8, 1966—DECIDED JUNE 22, 1966—REHEARING DENIED JULY 8, 1966—

*Smith, Ringel, Martin & Lowe, Williston C. White,* for appellant.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr., Glenn T. York,* for appellee.