42339.  TRAVELERS INSURANCE COMPANY et al. v. CAMPBELL et al.

BELL, Presiding Judge.  In this case the State Board of Workmen's Compensation found that claimants, the mother and father of the deceased employee, were wholly dependent upon the employee at the time of his death, and rendered an award for them under *Code Ann.* § 114-413 (b).  On appeal the superior court affirmed the board's award.  The undisputed evidence showed that at the time of the employee's death his father earned some income as a tenant farmer.  The father testified: "Q.  And from your share-cropping how much did you make?  A.  Well, I don't know.  Not too much —I don't know, maybe $100 a month."  There was also evidence that brothers of the deceased employee made occasional contributions to the claimants.  *Held:*

Contributions to the claimants by the employee's brothers, if insubstantial or sporadic, would not preclude a finding that claimants were wholly dependent upon the employee.  *Bituminous Cas. Corp. v. Williams,* 80 Ga. App. 337 (1) (56 SE2d 157).  However, a claimant is not "wholly dependent" within the meaning of *Code Ann.* § 114-413 (b) where he earns a substantial part of his support or receives substantial contributions from other sources than the employee.  *Liberty Mut. Ins. Co. v. Haygood,* 81 Ga. App. 726 (59 SE2d 731).  As the uncontradicted evidence revealed that the claimants received an appreciable portion of their support from the father's farming activities, the board was not authorized to find that claimants were wholly dependent upon the employee for their support.  Appellants concede that a finding of partial dependency was demanded by the evidence.

Judgment reversed with direction that the case be remanded to the board in order that findings and an award be made, based on partial dependency under the formula provided in *Code Ann.* § 114-413 (c).

*Judgment reversed with direction. Jordan and Eberhardt, JJ., concur.*

ARGUED OCTOBER 5, 1966—DECIDED NOVEMBER 2, 1966—REHEARING DENIED NOVEMBER 14, 1966—

*Harris, Russell & Watkins, Philip R. Taylor, Joseph H. Chambless,* for appellants.

*Hicks & Hicks, H. T. Hicks, H. Arnold Hiers,* for appellees.