## 45293. JORDAN v. VULCAN MATERIALS COMPANY.

PANNELL, Judge. The claimant here was the mother of the deceased employee and claimed benefits under the Workmen's Compensation Act as a dependent of the employee under *Code* § 114-414. The evidence disclosed that the husband of the claimant at the time of the death of the employee was receiving $125 per month from social security and a Veteran's Administration pension of $84 a month, that after a daughter reached 18 years of age, the family did not have social security payments of $61 per month paid to the daughter and $61 per month payable to the claimant, and the deceased who was making contributions of support, began listing the claimant as a dependent in his income tax returns. The claimant also testified: "We had to depend on Curtis [the deceased] after my daughter became 18." When asked why that was so, she answered: "Well, we just didn't have no other income other than my husband's social security and the V. A. check, and out of the V. A. check we had a house payment of $66.35 a month." There was no testimony from any source that the husband failed to contribute his income toward the support of the wife (claimant) and his family. The hearing director found that the claimant was totally dependent upon the deceased son. The full board on review made the following findings of fact among others: "The board finds as a matter of fact that the deceased, Curtis R. Jordan, at the time of his death and for many years prior thereto lived with his mother and father. The deceased's father was disabled and was drawing Social Security benefits and a disability pension from Veteran's Administration. Under the law the deceased's mother's support is the primary responsibility of her husband and the income received by him would also be considered to be income to her. Since there is an income flowing to the deceased's mother other than that supplied by the deceased, she cannot be considered to be a total dependent. The record does reveal however that the claimant made contributions to the support of his mother and, therefore, she would be considered as a partial dependent and the board so finds as a matter of fact. The board finds from the record, but without reciting its computations, that the deceased contributed to the support of the claimant the sum of $60 per week and her entitlement to compensation benefits should

be based thereon." The main contention on appeal to this court from the judgment of the superior court affirming the award by the full board is that the board based its award upon an erroneous conclusion of law that income to the husband was income to the wife. *Held:*

Since the evidence discloses that the husband's income, as a matter of fact, was contributed to the support of the family including claimant, any erroneous conclusion of law that it was so used is immaterial. The evidence in this case demanded a finding that the claimant was not totally dependent upon the deceased, but only partially so. The judgment of the superior court was not error in affirming the award of the full board.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED APRIL 8, 1970—DECIDED APRIL 21, 1970.

*Joseph E. Cheeley, Charles L. Drew,* for appellant.
*Richard W. Best,* for appellee.