## 64532. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY v. HODGES et al.
## 64533. HODGES v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.

McMURRAY, Presiding Judge.

This case involves a widow's claim for workers' compensation by reason of the death of her husband, the employee.

The decedent employee was shot and killed on the premises of his employer (a self-insurer). He was at work at the time, approaching the end of his shift. The parties here have stipulated that he died as the result of a gunshot wound; the location and time of same; he was an employee at work; his average weekly wage; proper jurisdiction and venue; his engagement in the normal course of his duties within said employment; and, he was married to the claimant.

The employer/self-insurer filed a WC-3 form with the board controverting liability, dated May 7, 1979, received May 10, 1979, following the employee's death on May 4, 1979. The widow then filed her claim with the board dated April 22, 1980, received by the board on April 23, 1980.

A hearing was then held by the administrative law judge on January 29, 1981, "to determine all Title 114 questions in connection" with the death of the employee. A presumption of dependency was then found and in the event the claim was compensable the widow would be entitled to maximum death benefits and funeral expenses. The administrative law judge then held that the main issue as disclosed by the facts, was whether or not the employee's death arose out of and in the course of his employment or whether "his death was caused by the willful act of a third person directed against the employee for reasons personal to such employee." The above findings of fact were based upon findings by the administrative law judge that "an unknown assailant" waited for decedent in nearby woods adjacent to the employer's parking facility, smoked cigarettes, apparently sat on the ground, broke off branches to obtain a clear shot in the direction of the decedent's automobile and same was "a planned shooting." Further, a rifle owned by the decedent was used to shoot him, same was later given to the police department by the widow claimant, examined and determined to be the weapon used to shoot the decedent.

Another finding by the administrative law judge was that the widow claimant was urging that the employee was found dead at a place where he might reasonably be expected to be in the course of his employment, and this creates a presumption that his murder arose out of and in the course of his employment. The administrative law

judge found that such "an assumption is not correct in that the death . . . is explained by the facts surrounding the shooting," shot with his own rifle later found at his home and that he was "shot by someone who knew him, his habits, his work location, and was obviously planned in view of all the surrounding circumstances." No finding was made concerning the assailant and "nothing herein should be indicated to point to any individual as having done the shooting." The administrative law judge found that the employee's death arose in the course of his employment, but "did not arise out of said employment . . . [and] was caused by the willful act of a third person directed against the deceased for reasons personal to the deceased." The claimant widow's claim was denied.

On appeal to the superior court it reversed the holding and adopted certain findings of fact of the administrative law judge holding other findings of the administrative law judge were conclusions of law, that is, the findings that the decedent's death was "explained by the facts surrounding the shooting" and did not arise out of his employment, i.e., "caused by the willful act of a third person directed against the deceased for reasons personal to the deceased."

The superior court concluded that having found the employee was shot from ambush "by an unknown assailant" the administrative law judge was precluded, as a matter of law, from concluding that the decedent's death was explained so as to deprive the claimant widow of the presumption that the decedent's death arose out of and in the course of his employment, citing *Standard Acc. Ins. Co. v. Kiker,* 45 Ga. App. 706 (5) (165 SE 850); *Continental Cas. Co. v. Adams,* 130 Ga. App. 168, 171 (202 SE2d 574); *Employers Mut. Liability Ins. Co. v. Rosenfeld,* 130 Ga. App. 251, 252 (202 SE2d 678); *General Acc. Fire &c. Co. v. Sturgis,* 136 Ga. App. 260, 262-264 (221 SE2d 51). The court held that as a prima facie case was made that the death arose out of employment, the burden shifted to the employer to produce evidence to rebut the presumption, citing *General Acc. Fire &c. Co. v. Sturgis,* 136 Ga. App. 260, 264, supra, and cases cited therein. The superior court also excluded certain exhibits admitted in evidence as inadmissible and held that even if considered by the administrative law judge all of the evidence was insufficient to rebut the presumption to which the claimant widow was entitled; hence, the findings of the administrative law judge as to an assailant (unknown identity and motive) could not deprive the claimant of her right to the presumption above based upon an "unknown motive, intent and target of an unknown assailant." The superior court also held the notice to controvert was legally sufficient and authorized the employer/self-insurer to introduce otherwise admissible evidence in the hearing of the claim as to "all Title 114 questions in connection

with the death of the [employee]"; and "sickness [death] benefits" paid the widow under the employee's pension, disability and death benefits plan did not require the Board of Workers' Compensation to give the employer credit under Code Ann. § 114-415 (Ga. L. 1978, pp. 2220, 2225).

We granted a discretionary appeal to the employer/self-insurer, and it appeals in Case No. 64532. The claimant cross-appeals in Case No. 64533. *Held:*

1. Subject to the limitations set forth in Code Ann. § 114-305 (Ga. L. 1978, pp. 2220, 2221) claims shall be filed as required by Code Ann. § 114-706 (Ga. L. 1978, pp. 2220, 2229), and the board "shall have full authority to hear and determine all questions in respect to such claims." Accordingly, the filing of a notice to controvert as authorized by Code Ann. § 114-705 (Ga. L. 1978, pp. 2220, 2227), which requires the giving of "the ground upon which the right to compensation is controverted," does not control the hearing of the claim, wherein the board is authorized "to hear and determine [as in the case sub judice] all questions in respect to such claims." The board is therefore not bound to merely determine whether or not that employer properly controverted this claim for the sole ground listed in the notice to controvert but may determine all issues within the bounds of its rules and regulations and the law. See *State Hwy. Dept. v. Cooper,* 104 Ga. App. 130 (1) (121 SE2d 258); *Zurich Ins. Co. v. Robinson,* 127 Ga. App. 113 (5) (192 SE2d 533). See also *Raines & Milam v. Milam,* 161 Ga. App. 860 (289 SE2d 785), holding that Code Ann. § 114-705, supra, is not a statute of limitation, a statutory estoppel or bar to contest issues but one of sanctions. The filing of the original claim controls the actions of the board within its powers. There is no merit in claimant's enumeration of error (cross-appeal Case No. 64533) that only the evidence with reference to "the ground upon which the right of compensation is controverted" might be considered at the hearing.

2. The crux of the case sub judice lies in the issue of the admissibility and probative value of admissions made by the son of the deceased employee to police which he denied to be true on direct examination, although admitting he had made these statements under duress and in violation of his constitutional rights. These admissions although providing contradictory indications as to the identity of the murderer of the employee, consistently show that the causative factor in the employee's death did not arise from his employment.

"An admission by a person not a party to an action however is admissible in evidence only where the party making the admission is the real party in interest, although not a party to the record, or where

a party to the record refers another to the third person for information, or where there is an admission by a third person against his interest as to a fact collateral to the main issue between the litigants but essential to the adjudication of the cause. Code §§ 38-404, 38-405. *Akin v. Randolph Motors,* 95 Ga. App. 841, 848 (99 SE2d 358)." *Lewis v. American Road Ins. Co.,* 119 Ga. App. 507, 509 (1) (167 SE2d 729). None of these exceptions to the general rule excluding from evidence the admissions in question is applicable to the case sub judice. We particularly note that Code § 38-405 (2) is not applicable as the son's statements bear directly upon the main issue in the case. *Lewis v. American Road Ins. Co.,* 119 Ga. App. 507, 509 (1), supra. The admissions in question are not rendered admissible under Code § 38-403 dealing with admissions by a party to the record because at the time of the hearing the son was not a party. Nor are the son's admissions admissible under Code § 38-407 which has been explained to be the incorporation into our law of a theory concerning admissions by predecessors in title. See *Carter v. Buchannon,* 3 Ga. 513, 519; *Reese v. Termplan, Inc., Bolton,* 125 Ga. App. 473, 475 (188 SE2d 177); Green, Georgia Law of Evidence, §§ 262, 263.

Although the admissions in question were not generally admissible, a further question is argued as to whether the son's admissions were admissible solely for impeachment purposes, or as substantive evidence where the defendant takes the stand and is subject to cross-examination. See *Gibbons v. State,* 248 Ga. 858, 863 (286 SE2d 717). The applicable rule prior to the *Gibbons* decision was that such a statement as the son's admissions in the case sub judice, admitted solely for impeachment purposes, could not be considered as proof of the facts contained in the admission where, as here, the admission was made by a person not a party to the action. See in this regard such cases as *Dickey v. State,* 240 Ga. 634, 639 (3) (242 SE2d 55); *Lewis v. American Road Ins. Co.,* 119 Ga. App. 507, 509, supra; *Henry Grady Hotel Corp. v. Grady Motors,* 96 Ga. App. 416, 420 (100 SE2d 125). Compare *Exum v. Long,* 157 Ga. App. 592, 593 (2) (278 SE2d 13); *Pethel v. Waters,* 220 Ga. 543, 553 (140 SE2d 252); *Pistor v. State,* 219 Ga. 161, 166 (2b) (132 SE2d 183). We reiterate that this rule was changed in *Gibbons v. State,* 248 Ga. 858, supra, decided February 3, 1982. Accordingly, the superior court erred in ruling inadmissible the statements of the witness' son.

3. If a worker is found dead in a place where he may reasonably be expected to be in the performance of his employment and the death is unexplained a presumption arises that the death arose out of and in the course of the worker's employment. *General Acc. Fire &c. Co. v. Sturgis,* 136 Ga. App. 260, supra. This rule gives rise to a careful search of the record for any evidence which demonstrates that the

precipitating causative factor of a death is known and explained. The presence of any evidence showing the precipitating causative factor of the death permits an analysis of this information, in conjunction with the nature of the employment so as to determine whether the precipitating causative factor is a risk reasonably incident to the nature of the employment. Where evidence is presented enabling such an analysis of the relationship between the precipitating causative factor and the nature of the employment, the presumption that the death arose out of the employment is dissolved and it may not be relied upon by either claimant, administrative law judge, nor the full board. See *Zamora v. Coffee General Hosp.,* 162 Ga. App. 82 (290 SE2d 192), for an exhaustive analysis of this issue. As explained by Judge Carley in *Zamora,* in order to overcome the presumption that a death was employment related it is not sufficient to present evidence that the death "might not have been" employment related but the evidence must show that the death "did not" arise out of the employment.

In the case sub judice the superior court correctly overruled the administrative law judge. The evidence relied upon by the administrative law judge in his determination that the death did not arise out of decedent's employment was that decedent was shot with his own rifle and the rifle was later found in his home, thus the reasoning of the administrative law judge was that the deceased was shot by someone who knew him, his habits, his work location and obviously planned the crime. In view of these circumstances we agree that the evidence relied on by the administrative law judge strongly indicates that the employee's death "might not" be employment related but in the absence of a finding as to the identity of the perpetrator and his motive we cannot find that the evidence shows that the death "did not" arise out of the decedent's employment. *Zamora v. Coffee General Hosp.,* 162 Ga. App. 82, supra. Accordingly, the court did not err in holding that "the unknown motive, intent and target of an unknown assailant" would not "import a personal motive" and the presumption remains unrebutted.

The superior court, however, may not substitute its judgment for that of the board if there is any evidence to support the award. *Lockhart v. Liberty Mut. Ins. Co.,* 141 Ga. App. 476, 478-479 (1) (233 SE2d 810). If it is disclosed that the board decided the case on an erroneous legal theory or improperly applied the law to the facts, the superior court should remand the case to the board for further findings and consideration. See *Barbree v. Shelby Mut. Ins. Co.,* 105 Ga. App. 186 (123 SE2d 905); *Miller v. Travelers Ins. Co.,* 111 Ga. App. 245, 246-248 (1) (141 SE2d 223); *Fidelity &c. Co. v. Hodges,* 108 Ga. App. 474 (1) (133 SE2d 406); *Hudson v. Taylor,* 88 Ga. App. 575,

577 (77 SE2d 100). Further, if the findings of fact are erroneous, the case should be resubmitted to the board for further consideration. *Knight v. Fulton Industries,* 123 Ga. App. 538, 540-541 (181 SE2d 691); *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697 (1) (119 SE 39); *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 781 (2) (227 SE2d 405), and cases cited. Here the superior court's order was tantamount to an award of workers' compensation benefits. The court erred in directing that an award be entered for the benefit of the claimant. Therefore, the judgment is reversed with direction that the case be remanded to the board for further consideration in light of this opinion.

4. The employer next contends that the amount of death benefits due the claimant under workers' compensation law should be reduced by giving employer a credit for money already paid to claimant under employer's Employment Benefit Plan. Employer argues that the one time payment under its Employment Benefit Plan of $18,452.36 (equivalent to and determined on the basis of deceased's annual salary) should be credited against the workers' compensation benefits under the authority of Code Ann. § 114-415, supra.

As amended in 1978, Code Ann. § 114-415, supra, provides for a credit against workers' compensation benefits only where there has been the "payment of any weekly benefit..." which was not due when made. The sum in question is clearly not a weekly benefit and is therefore not entitled to be applied as a credit under Code Ann. § 114-415, supra. *General Motors Corp. v. Dover,* 239 Ga. 611 (238 SE2d 403), relied upon by employer, construed Code § 114-415 (Ga L. 1920, p. 190; 1931, pp. 7, 43) as worded prior to the 1978 amendment (which entirely superseded the former Code § 114-415) when the statute was applicable to "[a]ny payments" made which were not due and payable when made. There is no merit in this complaint.

*Judgment affirmed in part and reversed in part with direction as to the main appeal (Case No. 64532); affirmed as to the cross-appeal (Case No. 64533). Banke and Birdsong, JJ., concur.*

DECIDED DECEMBER 2, 1982 —
REHEARING DENIED DECEMBER 15, 1982.

*R. Phillip Shinall III,* for appellant.
*Joseph Szczecko,* for appellees.