71004. G & H LOGGING, INC. et al. v. BURCH.
(341 SE2d 868)

POPE, Judge.

Workers' compensation — heart attack. Claimants herein petitioned the State Board of Workers' Compensation for benefits which were alleged to have accrued as the result of the death of Willie Lee Burch. The Administrative Law Judge (ALJ) and subsequently the Board found against claimants. On appeal the superior court reversed the award of the Board finding no evidence to support it. We granted

appellants' (the employer and its insurer) application for discretionary review.

The pertinent findings of fact and conclusions of law made by the ALJ and adopted by the Board are as follows: "The [deceased] was employed by the employer as a truck driver of a log truck. He began such employment on August 30, 1982. On the morning of September 1, 1982, the [deceased] drove the employer's red and white International truck cab to a site in the woods of Clinch County, Georgia. The [deceased] threw logging chains over a load of logs which had been loaded onto a trailer by another employee of the employer and tightened these chains down. The [deceased] left the woods pulling the load of logs having been given instructions to deliver the load to St. Marys, Georgia, some 130 miles away. The [deceased] left the woods at approximately 9:45 a.m. A fellow employee who also drove a log truck for the employer left from the same site in the woods at approximately 11:05 a.m. This employee followed the same route as the deceased . . . was to take some four miles over a dirt logging road out of the woods, through a gate which he had to open and onto the paved highway. Within three or four hundred yards of the intersection of the logging road and the paved highway, this employee noticed the deceased['s] . . . log truck pulled over to the side of the road, apparently parked, at a spot where the shoulder of the road widened immediately before crossing the Little Suwannee River bridge. The deceased['s] . . . truck having apparently been parked at this location deliberately, the . . . fellow employee continued to make his delivery. On his return trip at approximately 2:00 p.m., the fellow employee saw that the deceased['s] . . . truck was still parked at the same location and pulled his truck over to make an investigation. He found the motor of the deceased['s] . . . truck to be switched off and the deceased . . . lying dead on the floor of the cab with his right hand held over the top of his left wrist. . . . [The] death certificate executed by the coroner indicates the immediate cause of the deceased['s] . . . death was by 'coronary occlusion.' I find that this document was competent and admissible evidence to establish the fact of the deceased['s] . . . death as well as the immediate agency of his death . . . . See *King v. State*, 151 Ga. App. 762 (261 SE2d 485) (1979). No medical evidence was introduced by any of the parties.

"[OCGA] § 34-9-1 (4) provides that a compensable injury or personal injury within the meaning of the Workers' Compensation Act does not include 'heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis unless it is shown by a preponderance of competent and credible evidence that any of such conditions were attributable to the performance of the usual work of the employment.' The [deceased] was not required to perform any strenuous work or activity as part of his job on September 1,

1982. The logs he transported were already loaded onto the trailer and he had only to put the chains securing the load over the logs and tighten these down. The truck he drove was air conditioned, had power steering, and other conveniences. As he turned from the logging road onto the paved road a short distance from where his truck was later found parked, the [deceased] had to unlock, open and close a gate. This, too, was non-strenuous work. The deceased was a very heavy smoker and was observed on many occasions to be visibly ill, coughing, experiencing loss of breath, holding his chest and squatting to the ground. I do not find that it has been shown by a preponderance of the competent and credible evidence that the [deceased's] death arose out of and in the course of his employment. . . ." (Indention omitted.) On de novo review, the Board also found that "any presumption that deceased's death arose out of and in the course of his employment was rebutted by the facts of this claim as disclosed by the evidence."

1. Appellants argue that the "any evidence" rule precluded the superior court's reversal of the Board's award in this case. See *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65) (1976). We agree and, thus, reverse the judgment of the superior court.

This case is controlled by the holding in *Brown Transp. Corp. v. Blanchard*, 126 Ga. App. 333 (190 SE2d 625) (1972): "[OCGA § 34-9-1 (4) provides:] '. . . nor shall "injury" and "personal injury" include heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis, unless it is shown by a preponderance of competent and credible evidence that it was attributable to the performance of the usual work of employment.' [An ALJ] hearing a [workers'] compensation claim must initially determine, where it appears that an employee has a heart attack and dies in the course of his employment, whether the attack also arises out of it — that is, whether the evidence points to the performance of the work as a contributing proximate cause. [Cit.] And where he concludes either way, if there is any evidence to support the finding, it cannot be set aside on appeal. [Cit.] There was ample evidence to support the finding of the [ALJ], which was affirmed by the full board, (a) that the deceased employee died of a heart attack and (b) that the evidence did not show the work he did on the date of his death . . . was a precipitating or aggravating cause. The judge of the superior court to which the award was appealed erred under these circumstances in reversing the award denying compensation." Accord *Travelers Ins. Co. v. Davis*, 120 Ga. App. 625 (2) (171 SE2d 909) (1969); *Hansard v. Ga. Power Co.*, 105 Ga. App. 486 (124 SE2d 926) (1962); *Hoffman v. Nat. Surety Corp.*, 91 Ga. App. 414 (85 SE2d 784) (1955); cf. *Brown Transp. Corp. v. Jenkins*, 129 Ga. App. 457 (4) (199 SE2d 910) (1973); *Aetna Cas.*

*&c. Co. v. Shaddrick,* 114 Ga. App. 58 (2, 3) (150 SE2d 314) (1966); *Milledgeville State Hosp. v. Norris,* 101 Ga. App. 502 (114 SE2d 298) (1960).

2. The holding in *Zamora v. Coffee Gen. Hosp.,* 162 Ga. App. 82 (290 SE2d 192) (1982), does not require a different result. That case is factually distinguishable from the case at bar in that the cause of death was *other* than heart disease, heart attack, etc. for which special provision is made by OCGA § 34-9-1 (4).

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 6, 1986 —
REHEARING DENIED FEBRUARY 25, 1986 — 

*Robert M. Clyatt, William A. Turner, Jr.,* for appellants.
*Berrien L. Sutton, Larry K. Evans,* for appellee.