75838. LAVISTA EQUIPMENT SUPPLY, INC. v. ELLIOTT.
(367 SE2d 811)

BIRDSONG, Chief Judge.

We granted this interlocutory appeal to determine whether the Board of Workers' Compensation, and the superior court by affirmance, erred in application in an alleged heart attack case of the "natural presumption," by holding that " 'where an employee is found dead in a place where he might reasonably be expected to be in the performance of his duties, a natural presumption arises that his death arose out of and in the course of his employment.' *Brown Transport Corp. v. Jenkins*, 129 Ga. App. 457, 460 [199 SE2d 910]. The speculative opinion of a coroner does not reveal the cause of death with suffi-

cient medical certainty to rebut such presumptions in the absence of an autopsy in this case."

Employee Otis P. Elliott died on the job, while sitting in his employer's truck at a railroad crossing. The medical examiner stated Elliott died of (1) myocardial failure, (2) acute coronary insufficiency and (3) atherosclerosis; the coroner relied on this statement as the cause of death. The board found this opinion to be speculative only, since there was no autopsy. There was evidence Elliott had, a few days before his death, suffered an episode of severe chest pain at home; and his family physician testified he performed thoracic surgery on Elliott in 1972. He also testified that Elliott's death could have been the result of causes other than heart attack and that his work activities were not sufficient to cause his death.

On appeal, the employer contends the opinion of the medical examiner (and coroner) that Elliott died of myocardial failure, acute coronary insufficiency and atherosclerosis, was based on Elliott's medical history and other information, and did reveal a definitive cause of death, contrary to the board's finding that without an autopsy the opinion was merely speculative. Therefore, says the employer, the death was not unexplained, and so there never arose the natural inference that a death is employment-related "when an employee is found dead in a place where he should be in the performance of his duties." *Held*:

Elliott's grandson, who was with him in the truck when he died, said Elliott had had an extremely difficult time driving this truck. This testimony is not disputed by any contradiction, i.e., by any evidence he positively did not have a difficult time driving the truck. The board found Elliott's occupation was "of a strenuous nature." This finding is supported by evidence.

It is true that " 'when an employee is found dead in a place where he might reasonably have been expected to be in the performance of his duties, it is presumed that the death arose out of his employment.' " But this inference applies only to cases where the death is unexplained, that is, where the employee literally is "found dead" and the cause of death is not known. See *Zamora v. Coffee Gen. Hosp.*, 162 Ga. App. 82, 84 (290 SE2d 192). In such a case the difficulties of proof necessitate this inference. Wherever the cause of death (e.g., strangulation, shooting, heart attack) is known, the death is explained; the question whether the death was work-related is then generally capable of objective proof, and there is no need for a presumption that it was caused by employment duties. That is, the claimant is not entitled to rely upon the presumption that the death arose out of the deceased's employment but must submit probative proof on the issue of the causal connection so as to comply with the requirements in OCGA § 34-9-1 (4). Id. p. 85.

If the death is found to be explained as heart-related, the case is expressly governed by the specific standard of proof in OCGA § 34-9-1 (4), which provides: "nor shall 'injury' and 'personal injury' include heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis *unless it is shown by a preponderance of competent and credible evidence that [it was] attributable* to the performance of the usual work of employment." See *G. & H. Logging v. Burch*, 178 Ga. App. 28, 30 (341 SE2d 868); *Brown Transport Corp. v. Blanchard*, 126 Ga. App. 333 (190 SE2d 625).

The author has contended on occasion that, difficulties of proof notwithstanding, the clear and specific provisions of this code section as to heart attack cases, preclude the *controlling application as "any evidence"* of any inference that the heart attack arose in and out of the course of employment. *Zippy Mart v. Fender*, 170 Ga. App. 617 at 620, 624 (3) (317 SE2d 575) (dissent, J. Birdsong); *Home Indem. Co. v. Guye*, 143 Ga. App. 494 (238 SE2d 549) (concurrence in judgment only, J. Birdsong) at p. 496. But, in *Guye v. Home Indem. Co.*, 241 Ga. 213 (244 SE2d 864) and in *Southwire Co. v. Cato*, 250 Ga. 895, 897 (302 SE2d 91), the Supreme Court held that when the death is explained as heart attack, there arises a natural inference the death was work-related if the evidence shows the work engaged in by the employee was sufficiently strenuous or of such a nature that, combined with the other facts of the case as to raise such a natural inference through human experience that the exertion contributed toward the precipitation of the attack. *Hoffman v. Nat. Surety Corp.*, 91 Ga. App. 414 (85 SE2d 784). This is not the same inference that arises when a death is unexplained.

The Supreme Court has also held this inference does not disappear upon the presentation of medical testimony (*Southwire Co.*, supra at p. 898); but, by itself, it can satisfy the statutory requirement of "preponderance of competent and creditable evidence" where there is no medical evidence to the contrary. *Guye v. Home Indem. Co.*, supra.

In this case, the medical examiner concluded, based upon the medical information and history of Elliott, that he died of a heart attack. However, another medical expert testified that the conclusion Elliott suffered a heart attack is speculative, and the death could have resulted from other causes; thus the board's conclusion that in the absence of an autopsy the death is unexplained, is supported by evidence. The board therefore correctly followed the inference appropriate to unexplained deaths. Thus, although the board somewhat gratuitously found that Elliott's work was strenuous, the board nevertheless declined to find the cause of death was explained as heart attack.

If the death is explained as heart attack, the statute (OCGA § 34-

9-1 (4)) requires a specific high standard of proof of what is next to impossible to prove and the courts have allowed that proof to be reached by supposition, not by "a preponderance of competent and credible evidence," as the statute expressly requires. This obviously troubles the board, as well it should. Under the state of the statute as it is permitted to exist by the legislature and the case law as it has been conceived to deal with the statute, the ingenious solution of the board, of avoiding the troublesome issue of proof in a heart attack situation and relying instead upon the inference arising from *unexplained death* in this case, cannot be faulted.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

## ON MOTION FOR REHEARING.

On motion for rehearing the employer Lavista Equipment Supply, perhaps misled by our comment that heart attack cases properly should be governed by the statute, (OCGA § 34-9-1 (4)), and not by an inference or presumption of work-relatedness, contends we apparently thought the board here found Elliott's death to have been caused by heart attack. However, for the opinion makes it clear the board, as it was authorized to do, rejected the evidence of heart attack as too speculative in this case, and found the death to be unexplained, thus giving rise to the presumption of work-relatedness.

What the employer contends on motion for rehearing is that any evidence demonstrating the cause of death makes the unexplained-death presumption of work-relatedness disappear. Employer bases this assertion on language in *Southern Bell v. Hodges*, 164 Ga. App. 757 (298 SE2d 570), at p. 761. However, *Southern Bell* did not say this. It said that where cause of death is known (e.g., shooting) any evidence *enabling an analysis of whether the death was work-related*, destroys the presumption that it arose in the course of work. Thus is explained the holding in *Zamora v. Coffee Gen. Hosp.*, 162 Ga. App. 82 (290 SE2d 192) that although the cause of death was known and explained (strangulation) the presumption of work-relatedness still arose because evidence to the contrary did not affirmatively establish the death did not occur in the course of employment. The evidence looked for in *Zamora* was evidence of work-relatedness. The "any evidence" we looked for in *Southern Bell* to destroy the presumption was not "any evidence" as to *cause*; but cause being established, what we looked for was any evidence that would *enable an analysis to determine whether the (known) cause of death was work-related*. This is the ultimate question.

The confusion on this point arises in the appellee employer's (and the board's) statements that the evidence of heart attack goes to rebut or destroy *the presumption that death arose in the course of*

*employment.* The evidence of heart attack is evidence of cause, and once it has been rejected as proof of cause, it cannot be used again *to rebut the presumption of work-relatedness.* It has been rejected. The employer's contention that "any evidence" of heart attack successfully rebuts the presumption of work-relatedness has not only never been sanctioned by this court, but it has no basis in logic.

*Motion for rehearing is denied.*

DECIDED FEBRUARY 8, 1988 —
REHEARING DENIED MARCH 29, 1988 — 

*Susan V. Sommers, Sandra G. Chase,* for appellant.
*Clarence R. Horne, Jr.,* for appellee.