A91A1104. GOODE BROTHERS POULTRY COMPANY et al.
v. KIN et al.
(411 SE2d 724)

CARLEY, Presiding Judge.

Mr. Phon Kin died suddenly and unexpectedly during his regularly scheduled working hours. No signed death certificate was ever issued and no autopsy was ever performed. Within 21 days of Kin's death, appellants-employer/insurer filed a notice to controvert the

right of appellee-dependents to receive workers' compensation benefits. At the hearing, appellants introduced expert medical opinion testimony which would authorize a finding that Kin had died from preexisting heart disease and that his death from that cause was not attributable to his employment. In opposition, however, appellees introduced expert medical testimony which would authorize a finding that the conclusion that Kin had died from heart disease was speculative and that his death could be attributable to other causes.

Based upon this conflicting testimony and the lack of any autopsy report, the Administrative Law Judge (ALJ) found that the cause of Kin's death was unexplained and, applying the presumption that the unexplained death arose out of and in the course of Kin's employment, the ALJ awarded benefits to appellees. Appellees were also awarded attorney's fees. On its de novo review, the Full Board adopted the ALJ's award as its own. On appeal to the superior court, the award was affirmed. The instant appeal is the result of this court's grant of appellants' application for a discretionary appeal.

1. Appellants urge that the finding that Kin's death was unexplained is erroneous.

Appellants attempted to show that Kin's death was not unexplained, but that he had died from heart disease. If Kin had died from heart disease, the compensability of his death would be subject to an entirely different evidentiary presumption than that which would be applicable if his death was unexplained. "[W]hen the death is explained as [caused by a] heart attack, there arises a natural inference the death was work-related if the evidence shows the work engaged in by the employee was sufficiently strenuous or of such a nature that, combined with the other facts of the case as to raise such a natural inference through human experience that the exertion contributed toward the precipitation of the attack. [Cit.] This is not the same inference that arises when a death is unexplained." *La Vista Equip. Supply v. Elliott*, 186 Ga. App. 585, 587 (367 SE2d 811) (1988).

Appellants' medical evidence showing that Kin's death was explained by his non-work-related heart condition was not unrefuted. As noted, this evidence was countered by appellees' medical evidence showing "that the conclusion [Kin] suffered a heart attack is speculative, and the death could have resulted from other causes; thus the board's conclusion that in the absence of an autopsy the death is unexplained, is supported by evidence. The board therefore correctly followed the inference appropriate to unexplained deaths." *La Vista Equip. Supply v. Elliott*, supra at 587. "The evidence of heart attack is evidence of cause, and once it has been rejected as proof of cause, it cannot be used again to rebut the presumption of work-relatedness [which arises in the case of an unexplained death]. [Heart attack] has

been rejected [as the cause of Kin's death]. [Appellants'] contention that 'any evidence' of heart attack successfully rebuts the presumption of work-relatedness [of an unexplained death] has . . . never been sanctioned by this court. . . ." (Emphasis omitted.) *LaVista Equip. Supply v. Elliott,* supra at 589.

2. The award includes a finding that appellee-Mrs. Kin "was not a partial dependent and that she was a total dependent within the meaning of OCGA [§] 34-9-13." Appellants urge that this finding is erroneous.

OCGA § 34-9-13 (b) (1) provides, in relevant part, that a surviving spouse "shall be *conclusively* presumed to be the next of kin wholly dependent for support upon the deceased employee . . ., *except* that, if the surviving spouse was employed for a period of 90 days next prior to the accident which resulted in the death of the deceased employee, the presumption of total dependence shall be *rebuttable.* . . ." (Emphasis supplied.) It is undisputed that appellee-Mrs. Kin *was* employed during the 90 days preceding her husband's death. Accordingly, there is no *conclusive* presumption of her total dependency. Instead, the presumption of her total dependency is *rebuttable.* The issue for resolution is, therefore, whether the evidence in the instant case was such as to demand a finding that this presumption *had* been rebutted. See *Jones v. Winners Corp.,* 189 Ga. App. 875 (377 SE2d 705) (1989).

The uncontradicted evidence shows that appellee-Mrs. Kin was employed full time and that she, her husband and their four adult children all made regular and substantial contributions toward payment of the household expenses. Thus, the undisputed evidence shows that appellee-Mrs. Kin earned a substantial part of her own support and that she received substantial contributions toward her support from sources other than her husband. This evidence would authorize a finding that appellee-Mrs. Kin was *dependent* upon her husband for support, but it would not authorize a finding that she was *totally rather than partially* dependent upon him. *Jordan v. Vulcan Materials Co.,* 121 Ga. App. 695 (175 SE2d 123) (1970); *Travelers Ins. Co. v. Campbell,* 114 Ga. App. 601 (152 SE2d 430) (1966); *Aetna Cas. &c. Co. v. Johnson,* 70 Ga. App. 698 (29 SE2d 318) (1944); *Glens Falls Indem. Co. v. Jordan,* 56 Ga. App. 449 (1) (193 SE 96) (1937). It follows, therefore, that the finding of appellee-Mrs. Kin's total rather than partial dependency is clearly erroneous.

3. Appellants enumerate the award of attorney's fees as error.

The award of attorney's fees was premised, in part, upon OCGA § 34-9-108 (b) (1) and the finding that "this claim was defended [by appellants] without reasonable grounds. The presumption of compensability for unexplained deaths is well established in this state. Without an autopsy or death certificate[,] this presumption is difficult to

rebut." This finding would clearly *not* authorize an award of attorney's fees pursuant to OCGA § 34-9-108 (b) (1). The presumption applicable in the case of an unexplained death is well established in this state and, without an autopsy or death certificate, it may well be difficult to convince any given factfinder that this presumption has been rebutted. Where, however, a reasonable attempt has been made to convince the factfinder that the presumption has been rebutted, an award of attorney's fees would not be authorized simply because that reasonable attempt ultimately proved unsuccessful. *Pacific Employers Ins. Co. v. Peck*, 129 Ga. App. 439 (200 SE2d 151) (1973). It is not the difficulty in rebutting the presumption, but the reasonableness of the attempt to do so that is the relevant inquiry.

Moreover, appellants' defense was in no way premised upon an attempt to rebut the presumption applicable in the case of an unexplained death. To the contrary, appellants were attempting to show that the presumption was inapplicable and need not be rebutted because Kin's death was not unexplained, but had been caused by his non-work-related heart disease. Although the evidence submitted by appellants would not have demanded a finding that the cause of Kin's death was explained as non-work-related heart disease, that evidence nevertheless would have authorized such a finding. Accordingly, as a matter of law, attorney's fees could not be assessed against appellants pursuant to OCGA § 34-9-108 (b) (1). The medical opinion testimony relied upon by appellants to show that the cause of Kin's death was explained as non-compensable heart disease discloses "that reasonable grounds for defending the matter did exist and were presented. While, in view of other evidence presented by [appellees], . . . the award of compensation was authorized, it was not demanded. The board did not accept the defense made and awarded compensation, but it was not an unreasonable or unfounded defense." *Pacific Employers Ins. Co. v. Peck*, supra at 442.

The award of attorney's fees was also premised, in part, upon the finding that "this claim was controverted by [appellants, pursuant to OCGA § 34-9-221 (d),] prior to conducting any reasonable investigation." OCGA § 34-9-108 (b) (2) does provide, in relevant part, that attorney's fees may be awarded "[i]f any provision of Code Section 34-9-221, without reasonable grounds, is not complied with. . . ." There is, however, no evidence of appellants' non-compliance with any applicable provision of OCGA § 34-9-221. To the contrary, there was a timely compliance with OCGA § 34-9-221 (d) by the filing of a notice to controvert within 21 days of Kin's death. There is no statutory requirement that, prior to doing so, appellants must have conducted a "reasonable investigation." The only requirement is that the notice itself must specify "the ground upon which the right to compensation is controverted." OCGA § 34-9-221 (d). The notice filed by

appellants complied with this requirement by specifying that it was their contention that Kin's "death was as a result of a pre-existing disease and not as any consequence of [his] employment. . . ." Having fully complied with OCGA § 34-9-221 (d) by filing a timely notice to controvert on a specific ground, appellants' liability for attorney's fees would be entirely dependent upon whether the defense on that ground as subsequently presented at the hearing was reasonable. As previously discussed, although appellants' defense on that ground was unsuccessful, it was, as a matter of law, not unreasonable.

Appellees suggest that appellants should have begun the voluntary payment of compensation benefits pursuant to OCGA § 34-9-221 (b) and, after having conducted a reasonable investigation, only then have made the decision whether to controvert pursuant to OCGA § 34-9-221 (h). However, there is obviously no basis in law or logic for holding that an employer/insurer must forego the opportunity to file a timely and sufficient pre-payment notice to controvert pursuant to OCGA § 34-9-221 (d) and can only rely instead upon the post-payment right to controvert that is authorized by OCGA § 34-9-221 (h). By enacting OCGA § 34-9-221 (d), the legislature has provided a means by which an employer/insurer can controvert compensability *prior* to paying any benefits. Neither the Full Board nor the courts of this state can ignore that statutory provision. Appellants fully complied with the applicable requirements of OCGA § 34-9-221 (d). As a matter of law, attorney's fees could not be assessed against appellants pursuant to OCGA § 34-9-108 (b) (2).

4. For the reasons given in Divisions 2 and 3, the superior court erred in affirming the award of the Full Board. Accordingly, the order of the superior court is reversed with direction that the case be remanded to the Full Board for the entry of a new award not inconsistent with this opinion.

*Judgment reversed with direction. Beasley and Andrews, JJ., concur.*

DECIDED OCTOBER 3, 1991 —
RECONSIDERATION DENIED OCTOBER 22, 1991 — ▮▮▮▮▮▮▮▮▮

*McClain & Merritt, Thomas C. Holcomb*, for appellants.
*Whitehurst & Frick, Elaine W. Whitehurst, Stephen P. Riexinger*, for appellees.